25CA1140 Marriage of Kole 07-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1140
Douglas County District Court No. 23DR332
Honorable Andrew Baum, Judge

---

In re the Marriage of

David Kole,

Appellee,

and

Kristen Nicole Kole,

Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE BROWN
Harris and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 16, 2026

---

Todd Collins & Associates, LLC, Todd Collins, Marc B. Tull, Elizabeth, Colorado, for Appellee

New Leaf Family, Marc H. Schtul, Suzanne Marsh, Golden, Colorado, for Appellant

¶ 1    In this post-dissolution of marriage proceeding, Kristen Nicole Kole (wife) appeals the district court's order denying her C.R.C.P. 16.2(e)(10) motion.  We affirm.

## I.    Background

¶ 2    Wife was married to David Kole (husband) for approximately nineteen months.  Husband owned a construction business, and wife was a stay-at-home mother for their young son.  Husband petitioned for dissolution of marriage in June 2023.

¶ 3    In August 2024, the district court resolved a dispute over husband's business financial disclosures by issuing a protective order limiting the scope of discovery (the protective order).  The protective order limited discovery to information "directly pertaining" to husband after the marriage date.  The parties then proceeded to a permanent orders hearing.  Permanent orders were entered on September 4, 2024, and amended on December 31, 2024.  Neither party timely appealed the permanent orders.

¶ 4    On February 17, 2025, wife filed a Verified Motion to Reopen Property Allocation Pursuant to C.R.C.P. 16.2(e)(10). In the motion, wife argued that husband's business-related financial documents were too redacted to accurately determine his

1

income. She also argued that she was unable to determine whether husband sold 49% of the business during the marriage and how much the business appreciated during the marriage. She alleged that husband made an undisclosed payment of $40,000 to Conceptions Reproductive Associates of Colorado before filing for divorce, which she argued should have been included in computing his income. Finally, she asserted that husband made significant purchases while the dissolution proceeding was pending, including a race car, dirt bikes, and new furniture.

¶ 5 The court denied the motion, reasoning as follows:

- to the extent wife sought to reopen permanent orders to address husband's income and the denial of maintenance, Rule 16.2(e)(10) applies only to reallocation of material assets or liabilities, not to maintenance;

- wife's argument concerning nondisclosure of business financial information ignored the protective order; and

- wife failed to demonstrate with required specificity the grounds supporting her motion.

## II.  Discussion

¶ 6    Wife contends the district court misapplied the law and abused its discretion when denying her C.R.C.P. 16.2(e)(10) motion. We disagree.

### A.  Governing Legal Standards

¶ 7    In domestic relations cases, the parties "owe each other and the court a duty of full and honest disclosure."  C.R.C.P. 16.2(e)(1); see *In re Marriage of Durie*, 2020 CO 7, ¶ 15.  As a result, the parties must "provide full disclosure of all material assets and liabilities," and they "must affirmatively disclose all information that is material to the resolution of the case."  C.R.C.P. 16.2(e)(1), (10); *see Durie*, ¶ 15.

¶ 8    "If a disclosure contains a misstatement or omission materially affecting the division of assets or liabilities, any party may file . . . a motion seeking to reallocate assets and liabilities based on such a misstatement or omission" within five years of the final decree. C.R.C.P. 16.2(e)(10); *see Durie*, ¶ 15.  The remedy created by Rule 16.2(e)(10) is "extraordinary and also very narrow."  *In re Marriage of Runge*, 2018 COA 23M, ¶ 34.

¶ 9　　We review de novo the district court's interpretation and application of Rule 16.2(e)(10). *Durie*, ¶ 13; *see also Runge*, ¶ 22 (recognizing our de novo review "in determining the sufficiency of [a party's] allegations" under C.R.C.P. 16.2(e)(10)).

## B.　　Jurisdiction

¶ 10　　As an initial matter, the parties dispute whether this court has jurisdiction. Husband argues that because wife failed to timely appeal the protective order and permanent orders, this appeal is untimely as to the issues addressed in those orders. Wife asserts that the only order on appeal is the district court's May 5, 2025, order denying her motion to reopen the property allocation under C.R.C.P. 16.2(e)(10) (the May 2025 order). Indeed, her notice of appeal references only the May 2025 order.

¶ 11　　Under C.A.R. 4(a)(1), a party must appeal an order within forty-nine days after it is entered. Wife filed her notice of appeal on June 21, 2025. Therefore, her appeal of the May 2025 order is timely. However, wife raises several issues in her opening brief related to the protective order, the permanent orders, and certain discovery orders she otherwise failed to timely appeal. Judgments that are not appealed become final and binding on the parties. *See*

*Karr v. Williams*, 50 P.3d 910, 912 (Colo. 2002). So, to the extent wife seeks to challenge the protective order, the permanent orders, or husband's compliance with discovery orders, we lack jurisdiction to address those issues. *See In re Marriage of James*, 2023 COA 51, ¶ 8 ("The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review."); *see also Trenshaw v. Jennings*, 2025 CO 23, ¶ 20 (discovery orders are reviewable on direct appeal following entry of final judgment). As a result, we construe wife's appeal as limited to challenging the May 2025 order, and we will not consider any claims of error related to the protective order, the permanent orders, or any discovery orders.

## C.    Brief Deficiencies

¶ 12    Husband asserts that wife's opening brief is deficient because it contains no citations to the record. We agree that wife's brief fails to indicate the precise location where each issue was raised and ruled on in the district court, in violation of C.A.R. 28(a)(7)(A), and fails to provide citations to the parts of the record on which she relies to support her argument, in violation of C.A.R. 28(a)(7)(B). Even so, the only issue before us is whether wife's motion alleged with sufficient particularity grounds warranting relief under

5

C.R.C.P. 16(e)(10), and the deficiencies in wife's opening brief do not hamper our ability to answer that question. *See In re Parental Responsibilities Concerning D.P.G.,* 2020 COA 115, ¶ 14 (considering the merits despite a party's noncompliant brief). Thus, we will consider wife's appeal on the merits.

## D. Specificity

¶ 13    A C.R.C.P. 16.2(e)(10) motion must state with particularity the reasons why relief is warranted, identifying "with specificity the grounds in support of it." *Durie,* ¶ 23; *see also* C.R.C.P. 7(b)(1). The moving party may include allegations based on information or belief, but relying solely on such allegations likely will not satisfy the particularity requirement. *See Durie,* ¶ 28.

¶ 14    It is the moving party's burden to demonstrate entitlement to relief by a preponderance of the evidence. *Id.* at ¶ 32. When the party's motion fails to assert facts sufficient to satisfy this burden, the court may deny the motion outright. *Id.* We agree with the district court that wife did not meet this burden.

¶ 15    First, wife failed to sufficiently explain how reopening the property allocation to allow her "to fully explore [husband's] underlying financial situation" would affect the allocation of assets

or liabilities. To the extent she argued that she might discover information affecting husband's income and, consequently, the court's decision not to award maintenance, Rule 16.2(e)(10) provides no relief. By its plain language, Rule 16.2(e)(10) applies only to "a misstatement or omission materially affecting the division of assets or liabilities" and can result only in reallocation of "assets or liabilities based on such a misstatement or omission." The rule does not apply to misstatements or omissions affecting the court's calculation of income or its award of maintenance. *In re Marriage of Dadiotis*, 2014 COA 28, ¶ 8 ("[B]ecause the rule's plain language, limited to material assets or liabilities, does not allow the court to redetermine maintenance, we decline to extend the rule to that situation.").[1]

---

[1] Wife's most specific allegation is that husband failed to disclose a payment to Conceptions Reproductive Associates of Colorado. But because she argues that the payment should have been included in husband's income, this alleged nondisclosure does not entitle her to relief under C.R.C.P. 16(e)(10). Moreover, we discern no error in the district court's finding that she was aware of the payment and that it was intended to benefit both parties. The record contains correspondence between wife and the clinic from which her knowledge is reasonably inferred.

¶ 16    Second, wife does not argue that husband failed to disclose his business as an asset.  Instead, she contends that she could not sufficiently determine husband's income generated from the business, how much the business appreciated during the marriage, or whether husband sold part of the business during the marriage. We have already rejected any argument that Rule 16.2(e)(10) would allow wife to reopen the court's income findings.  And the business was husband's separate property; he formed it in 2012, and wife did not participate in it.  Because the business was not marital property, the district court was not authorized to allocate any part of it to wife.  *See* § 14-10-113(1), C.R.S. 2025 (providing that the court "shall set apart to each spouse [their] property and shall divide the marital property"); *In re Marriage of Jorgenson*, 143 P.3d 1169, 1171–72 (Colo. App. 2006) (Before dividing the marital estate, the court must first "determine whether an asset is marital, that is, acquired during the marriage and subject to division, or separate property, which is shielded from distribution.").

¶ 17    True, any appreciation in the value of the business during the marriage would be marital property subject to division.  *In re Marriage of Krejci*, 2013 COA 6, ¶ 14.  But wife did not allege any

8

facts in her motion — even on information and belief, *see Durie*,

¶ 27 — indicating that there was a measurable, divisible marital

interest in husband's business that had not been disclosed. Thus,

wife failed to show with particularity any misstatement or omission

materially affecting the division of assets or liabilities.[2]

¶ 18    Finally, wife made allegations of nondisclosure concerning dirt

bikes, a race car, and expensive furniture purchases. But the

record reflects that the dirtbikes and car were disclosed on

husband's sworn financial statement. And, in her motion, wife

offered no facts beyond speculation that husband bought expensive

furniture that had not been disclosed. *See Durie*, ¶ 28 (A party may

not "obtain, post-decree, a new bite at the discovery apple by simply

relying on vague or speculative assertions."). We also note that wife

---

[2] To the extent wife argues that the district court misapplied the law by not following *In re Marriage of Hunt*, 2015 COA 58, to conclude that husband's business was a material asset about which he was required to make full disclosure, her argument misses the mark. For one thing, the business at issue in *Hunt* was marital property. *Id.* at ¶ 3. In addition, the district court did not deny wife's C.R.C.P. 16.2(e)(10) motion because husband's business was not a material asset. Instead, the court reasoned that wife was not entitled to the information she argued was not disclosed based on the protective order and that wife failed to demonstrate entitlement to relief with the required specificity.

does not mention the furniture in her opening brief. Such vague assertions are not sufficient to trigger C.R.C.P. 16.2(e)(10). *See Runge*, ¶ 27.

## III. Attorney fees:

Husband requests an award of attorney fees on appeal under C.A.R. 38(b) and section 13-17-102, C.R.S. 2025, arguing that wife's appeal was frivolous and vexatious. *See Mission Denver Co. v. Pierson*, 674 P.2d 363, 366 (Colo. 1984) (discussing frivolous conduct); *In re Marriage of Roddy*, 2014 COA 96, ¶ 34 (discussing vexatious conduct). We decline to award husband appellate attorney fees.

## IV. Disposition

The district court's order is affirmed.

JUDGE HARRIS and JUDGE TOW concur.